

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 25, 2023**

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| GREENWORKS SERVICE § | |
| COMPANY INC § | |
| DEBTOR § | BANKRUPTCY CASE NO. 22-32290 |

### ORDER CONFIRMING DEBTOR'S CONSENSUAL FIRST AMENDED PLAN
### OF REORGANIZATION
### (Docket No. 73)

Came on for consideration the Debtor's First Amended Consensual Subchapter V Plan of Reorganization filed March 8, 2023 pursuant to 11 U.S.C. § 1129 and 1191. After hearing evidence, the Court finds as follows:

1. The First Amended Subchapter V Plan of Reorganization (Docket No. 73)("Plan"), and a ballot for accepting or rejecting the Plan, have been transmitted to all creditors and parties in interest.

2. Notice of the hearing on confirmation of the Plan has been given in accordance with Title 11, United States Code, the Order of the Court and the Federal and Local Rules of Bankruptcy Procedure.

3. The Plan complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation.

4. Not all classes of creditors voted to accept the Plan. The Plan nonetheless meets the requirements of 11 U.S.C. § 1191(b) and (c).

5. No objections were filed objecting to confirmation of the Plan. The Plan provides that the Debtor will act as the payment administrator under the Plan. The Debtor, acting as payment administrator, will be to the benefit of the creditors, as it will reduce administrative expenses post-confirmation. It is;

ORDERED and ADJUDGED that:

1. The First Amended Subchapter V Plan of Reorganization (Docket No. 73) is hereby CONFIRMED under 11 U.S.C. §§ 1129.

2. In accordance with Section 1142 of the United States Bankruptcy Code, the Debtor is authorized and directed, without the necessity of any further approval, to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms.

3. In accordance with 11 U.S.C. § 1194(b), the Debtor shall be the disbursing agent as to all creditor payments pursuant to the terms of the Chapter 11 Plan. The Sub Chapter V Trustee (the "Trustee") shall not be responsible for making any payments to creditors under the Plan;

4. Within 3 days after the Effective Date of the Plan, counsel for the Debtor shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; and (iii) any bar dates and any other deadlines set by the Plan ("Notice"), pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. Counsel for the Debtor shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

5. Debtor will not be required to file anymore monthly operating reports upon confirmation of this Plan.

6. All fees due and payable pursuant to section 1930 of Title 28 of the United States Code prior to the Effective Date shall be paid by the Debtor on the Effective Date. After the Effective Date, the Debtor and the Reorganized Debtor shall be jointly and severally liable to pay any and all such fees when due and payable.

7. **Class 2 Claimants** **Priority Tax Claims (These claims are unimpaired)** Allowed Priority Claims are for estimated tax returns. These claims are secured and the amounts are based on estimated returns and will be paid on the effective date as to the actual amount owed. The following class contains Debtor's estimated tax priority claims for pre-petition estimated amounts and the proposed treatment under the Plan:

**2-1 Frisco ISD ("Frisco ISD"** pertains to the allowed secured claim of **Frisco ISD** in the amount of **$193.37 (Claim No. 3-1).** Frisco ISD's allowed secured claim in the amount of $193.37 shall be paid in full on or before the Effective Date. Post-petition statutory interest will accrue at the rate of twelve percent (12%) per annum from the Petition Date until the taxes are paid in full.

In the event the Reorganized Debtor sells, conveys or transfers any of the properties which are the collateral of the Frisco ISD claim or post confirmation tax debt, the Reorganized Debtor shall remit such sales proceeds first to Frisco ISD to be applied to the Frisco ISD tax debt incident to any such property/tax account sold, conveyed or transferred and such proceeds shall be disbursed by the closing agent at the time of closing to Frisco ISD prior to any disbursement of the sale proceeds to any other person or entity.

The Reorganized Debtor may pre-pay the pre-petition tax debt to Frisco ISD at any time. The Reorganized Debtor shall have sixty (60) days from the Effective Date to object to the Frisco ISD's claim; otherwise, the Frisco ISD claim shall be deemed as an allowed secured claim in the amount of its Proof of Claim. Frisco ISD shall retain its statutory lien securing its pre-petition and post-petition tax debts until such time as the tax debt is paid in full. Reorganized

Debtor shall pay all post-petition ad valorem tax liabilities (tax year 2023 and subsequent tax years) owing to Frisco ISD in the ordinary course of business as such tax debt comes due and prior to said ad valorem taxes becoming delinquent without the need of Frisco ISD to file an administrative expense claim and/or request for payment.

Should the Reorganized Debtor fail to make the payment as required in this Plan, Frisco ISD shall provide written notice of that default by sending written notice by first class mail to Reorganized Debtor and Debtor's attorney advising of that default and providing the Reorganized Debtor with a period of five (5) calendar days to cure the default. In the event that the default is not cured within five (5) days, Frisco ISD may, without further order of this Court or notice to the Reorganized Debtor, pursue all of its rights and remedies available to it under the Texas Property Tax Code to collect the full amount of all taxes, penalties and interest owed. The Reorganized Debtor shall be entitled to no more than one (1) Notice of Default. In the event of a second (2nd) default, Frisco ISD may pursue all rights and remedies available to it under the Texas Property Tax Code in state district court without further order of this court or further notice to the Debtor.

**2-2 Dallas County ("Dallas"** pertains to the allowed secured claim of **Dallas County** in the amount of **$3,391.68 (Claim No. 1-1)** and **$2,210.22 (Claim No. 8-1** for estimated 2023 ad valorem taxes). Dallas's allowed secured claim in the amount of $3,391.68 shall be paid in full on or before the Effective Date. Post-petition statutory interest will accrue at the rate of twelve percent (12%) per annum from the Petition Date until the taxes are paid in full.

In the event the Reorganized Debtor sells, conveys or transfers any of the properties which are the collateral of the Dallas claim or post confirmation tax debt, the Reorganized Debtor shall remit such sales proceeds first to Dallas to be applied to the Dallas tax debt incident to any such property/tax account sold, conveyed or transferred and such proceeds shall be disbursed by the closing agent at the time of closing to Dallas County prior to any disbursement of the sale

proceeds to any other person or entity.

The Reorganized Debtor may pre-pay the pre-petition tax debt to Dallas at any time. The Reorganized Debtor shall have sixty (60) days from the Effective Date to object to the Dallas's claim; otherwise, the Dallas claim shall be deemed as an allowed secured claim in the amount of its Proof of Claim. Dallas shall retain its statutory lien securing its pre-petition and post-petition tax debts until such time as the tax debt is paid in full. Reorganized Debtor shall pay all post-petition ad valorem tax liabilities including (Claim No. 8-1) (tax year 2023 and subsequent tax years) owing to Dallas in the ordinary course of business as such tax debt comes due and prior to said ad valorem taxes becoming delinquent without the need of Dallas to file an administrative expense claim and/or request for payment.

8. **Class 3 Claimant Pre-Petition Lease for POTA JV, LLC** These are claims for prepetition rent, lease rejection damages, and unpaid post-petition rent.

**3-1 POTA JV, LLC (Claim No. 6-1)** is for pre-petition lease default, in the amount of $4.60. Proof of Claim 6-1 is allowed and shall be paid in full on the Effective Date.

**3-2 POTA JV, LLC** is for the lease rejection damages in the amount of $73,298.95. Debtor shall pay this debt over thirty-six (36) months with the first monthly payment being due thirty (30) days after the Effective Date of the plan. The monthly payment for this pre-petition claim shall be at least $2,036.09 at 0.00% per annum. Because Debtor and POTA JV, LLC have agreed to this treatment of POTA JV, LLC's lease rejection damages, POTA JV, LLC is not required to file a proof of claim to preserve the lease rejection damages. Instead, POTA JV, LLC's lease rejection claim is allowed in the amount of $73,298.95 and shall be paid by the Debtor as set forth in this paragraph.

**3-3 POTA JV, LLC** is for the administrative post-petition claim due in the amount of $21,347.39. Debtor and POTA JV, LLC have agreed that this debt shall be paid at 7.75% per annum over four (4) months with the first monthly payment being due on the Effective Date of

the plan and continuing thereafter for three (3) months. The monthly payment for this post-petition admin claim shall be at least $5,423.29.

**3-4 POTA JV, LLC** also holds a security deposit under the lease in the amount of $5,785.29. Debtor and POTA JV, LLC agree that POTA JV, LLC may retain the security deposit under the lease and apply that amount toward payment of the $73,298.95 allowed amount of the lease rejection damages.

9. **Class 4 Claimant – Priority Tax Claims for the Texas Comptroller of Public Accounts (Claim No. 2-1) (This claim is impaired)** Notwithstanding anything else to the contrary in the Plan or Confirmation Order, these provisions will govern the treatment of the claims of the Comptroller of Public Accounts (the "Comptroller") and the Texas Workforce Commission (the "TWC"): (1) nothing provided in the Plan or Confirmation Order shall affect or impair any statutory or common law setoff rights of the Comptroller or the TWC in accordance with 11 U.S.C. § 553; (2) nothing provided in the Plan or Confirmation Order shall affect or impair any rights of the Comptroller or the TWC to pursue any non-debtor third parties for tax debts or claims, and the Comptroller and TWC specifically opt out of any third party releases, if any; (3) nothing provided in the Plan or Confirmation Order shall be construed to preclude the payment of interest on the Comptroller's or the TWC's administrative expense tax claims; (4) to the extent that interest is payable with respect to any administrative expense, priority or secured tax claim of the Comptroller or the TWC, the interest rate shall be the statutory interest rate, currently 8.5% per annum; and (5) nothing provided in the Plan or Confirmation Order impacts the governmental claims bar date, and Comptroller and TWC may amend their claims at any point.

The Comptroller and TWC shall not be required to file any proof of claim, motion, or request for payment to be paid for any administrative claims. The Comptroller and TWC shall not be required to file any proof of claim, motion, or request for payment to be paid for any

obligations that arise or have arisen in the ordinary course of the Debtor's business, including all post-petition taxes incurred by the Debtor after the Petition Date. All post-petition taxes owed to the Comptroller and TWC shall be paid in full with applicable interest on or before the Effective Date, or as otherwise agreed by the Comptroller and/or TWC, whichever is the respective agency for such post-petition taxes. If any post-petition taxes or Administrative Claims owed to the Comptroller or TWC are not due on the Effective Date, then such post-petition taxes or Administrative Claim shall be paid in the ordinary course of business in accordance with applicable law.

Proof of Claim #2, filed by the Texas Comptroller, is for the 2022 franchise tax return filed by Debtor. Proof of Claim #2 shall be paid in full in equal monthly installments of principal and interest no later than thirty-six (36) months after the Debtor's bankruptcy petition date (being December 7, 2025), or as otherwise agreed to by the Comptroller. Equal monthly installments of principal and interest at 8.5% per annum are to be paid beginning 30 days after the Effective Date and continue until paid in full. The monthly payment amounts for Proof of Claim #2 shall be at least $1,027.43.

All other priority tax claims owed to the Texas Comptroller and/or the TWC, if any, shall be paid in full either (1) on the Effective Date; (2) in equal monthly installments of principal and interest no later than sixty (60) months of the Debtor's bankruptcy petition date, with such payments to begin 30 days after the Effective Date; or (3) as otherwise agreed to by the Comptroller and/or the TWC. The Comptroller's and the TWC's priority tax claims shall accrue interest at the statutory rate of interest, currently 8.5% per annum until paid in full.

A failure by the Debtor or Reorganized Debtor to make a plan payment to an agency of the State of Texas shall be an Event of Default. If the Debtor or Reorganized Debtor fails to cure an Event of Default as to an agency of the State of Texas within five (5) days after service of a written notice of default by email to counsel for Debtor at chip.lane@lanelaw.com, then that

agency may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies available under applicable non-bankruptcy law; and (c) seek such relief as may be appropriate in this court. The Debtor and/or Reorganized Debtor can receive up to three (3) notices of default, however, the third default cannot be cured. The Texas Comptroller and TWC preserve all available bankruptcy and state law remedies, if any, in the event of default of payment on claims as laid out herein above.

Debtor shall file all delinquent sales tax, franchise tax, or unemployment tax returns on or before Effective date, if any. Notwithstanding anything to the contrary in the Plan or this Order, the Debtor will retain documents for the four-year inspection period set forth in Texas Tax Code § 111.0041(a) (or for any pending audits, the later of four years or the time any and all claim(s) based on such audit are resolved).

10. **Class 5 Claimant – Internal Revenue Service (Claim No. 4-2) (This claim is impaired).** The IRS filed a priority unsecured claim in the amount of $63,373.01 for unpaid WT-FICA taxes June 2022. Debtor proposes to pay this debt over thirty-six (36) months with the first monthly payment being due thirty (30) days after the Effective Date of the plan. The monthly payment amount for the IRS Proof of Claim No. 4-2 shall be at least $1,899.35 at 5.00% per annum.

# # # END OF ORDER # # #